B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>David Pattillo and Claudia Russell | **DEFENDANTS**<br>Shaun D. Etchegoyen |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Thomas J. Polis, Esq., Polis & Associates, APLC<br>19800 MacArthur Blvd., Suite 1000, Irvine, CA 92612<br>Tel: (949) 862-0040; Fax: (949) 862-0041 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determine Dischargeability of Debt Under Sections 523(a)(2); 523(a)(4); and 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Shaun D. Etchegoyen | BANKRUPTCY CASE NO.<br>8:22-bk-10960-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott C. Clarkson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Thomas J. Polis | | |
| DATE<br>September 16, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Thomas J. Polis, Esq. | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Thomas J. Polis, Esq. (SBN 119326)<br>POLIS & ASSOCIATES, APLC<br>19800 MacArthur Blvd., Suite 1000<br>Irvine, CA 92612<br>Tel: (949) 862-0040<br>Fax: (949) 862-0041<br>Email: tom@polis-law.com<br><br>*Attorney for Plaintiff* David Pattillo and Claudia Russell | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Shaun D. Etchegoyen,<br><br>Debtor(s). | CASE NO.: 8:22-bk-10930-SC<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| David Pattillo and Claudia Russell,<br><br>Plaintiff(s)<br>Versus<br>Shaun D. Etchegoyen,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____
**Time:** _____
**Courtroom:** _____

Address:
☐ 255 East Temple Street, Los Angeles, CA 90012
☐ 3420 Twelfth Street, Riverside, CA 92501
☒ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    Page 1    F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                     Page 2                            **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
Date        Printed Name        Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*        Page 3        F 7004-1.SUMMONS.ADV.PROC

1 | Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
2 | 19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
3 | Telephone: (949) 862-0040
Facsimile:  (949) 862-0041
4 |
5 | Counsel for Unsecured Creditors, David Pattillo and Claudia Russell

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>Shaun D. Etchegoyen,<br><br>Debtor. | Case No. 8:22-bk-10960-SC<br><br>Chapter 7<br><br>Adv.Proc.No.: 8:22-ap-_____-SC |
| David Pattillo and Claudia Russell,<br><br>Plaintiffs,<br><br>vs.<br><br>Shaun D. Etchegoyen,<br><br>Defendant. | **PLAINTIFFS DAVID PATTILLO AND CLAUDIA RUSSELL'S COMPLAINT FOR:**<br><br>1. **DETERMINE DISCHARGEABILITY OF DEBT UNDER SECTIONS 523(a)(2), 523(a)(4) AND 523(a)(6) OF THE BANKRUPTCY CODE**<br><br>**Status Conference**:<br>Date:<br>Time:<br>Ctrm:<br>      U.S. Bankruptcy Court<br>      411 W. Fourth Street<br>      Santa Ana, CA 92701 |

1

Plaintiffs, David Pattillo and Claudia Russell ("Pattillo/Russell" or "Plaintiffs"), unsecured creditors of the bankruptcy estate of *In re Shaun D. Etchegoyen*, Case NO. 8:22-10960-SC holding an unsecured claim respectfully represent and allege with their Complaint ("Complaint") as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding ("Adversary Proceeding") pursuant to 28 U.S.C. §§ 159 and 1134, and 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6) of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

2. Venue for this Adversary Proceeding properly lies in this Judicial District in that this civil proceeding arises under Title 11 of the United States Code as provided under 28 U.S.C. § 1409.

3. This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy case of *In re Shaun D. Etchegoyen*, Case No. 8:22-bk-10960-SC on the docket of this Court. The Debtor's bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, on June 9, 2022.

4. Plaintiffs, Pattillo/Russell are unsecured creditors of the Debtor's bankruptcy estate in the amount of no less than $200,000.00.

5. The Debtor/Defendant, Shaun D. Etchegoyen's mailing address as stated on the Court's docket as of September 16, 2022 was:

> 220 Newport Center Drive
> Newport Beach, CA 92660

## STATEMENT OF STANDING

6. The Plaintiffs, as creditors of the Debtor's bankruptcy estate, has standing to prosecute this Adversary Proceeding under 11 U.S.C. § 523.

## GENERALL ALLEGATIONS

7. Plaintiffs, Pattillo/Russell are informed and believe and thereon allege the following facts to justify that their claim of approximately no less than $200,000.00, not

including additional attorneys' fees, against the Debtor/Defendant Shaun D. Etchegoyen be deemed non-dischargeable under Sections 523 (a)(2)(A), 523 (a)(4) and/or 523(a)(6) of the Bankruptcy Code.

**FACTUAL ALLEGATIONS**

8. Debtor, Shaun Etchegoyen ("Etchegoyen") held himself out to the Plaintiffs as a professional licensed contractor with years of experience in high-end home remodeling.

9. From December 28, 2020 through and including October 1, 2021, Plaintiffs paid the Debtor, Shaun Etchegoyen a total of $100,081.75 for purported construction related services arising out of the Project. All of the money came from an account jointly held by Plaintiffs.

10. Attached as Exhibit "A" are true and correct copies of each and every check paid by Plaintiffs to Debtor Etchegoyen for the Project.

11. However, Debtor Etchegoyen performed only a small fraction of the work for which Plaintiffs paid Debtor Etchegoyen in connection with the Project. For example, Plaintiffs advanced money to Debtor Etchegoyen for flooring, appliances and countertops in the amount of $33,002.00, none of which items were provided by Debtor Etchegoyen to Plaintiffs.

12. In mid-October of 2021, after Plaintiffs made inquiries to Debtor Etchegoyen about certain items paid for yet having never been delivered, Debtor Etchegoyen abandoned the Project. Plaintiffs subsequently learned that at no point from December, 2020 to the present did Debtor Etchegoyen have contractor's license.

13. The Contractors' State License Law, Business & Professions Code § 7000 *et seq.*, required contractors to be licensed unless they are exempt from licensure. §§ 7026, 7031 & 7040 *et seq*.

14. As stated above, Debtor Etchegoyen was unlicensed at all relevant times, despite representations to Plaintiffs Pattillo/Russell to the contrary.

15. Attached hereto as Exhibit "B" is a true and correct copy of a citation issued by the Contractors State License Board ("CSLB") against Debtor Etchegoyen on or about March 12, 2021 in which Debtor Etchegoyen was, among other things, assessed a civil penalty as a

1 result of the CSLB's finding that Debtor Etchegoyen was contracting without a license.

2    16.    Plaintiffs Pattillo/Russell thus seek to recover all compensation they paid to Debtor Etchegoyen in connection with the above-referenced home remodeling project, in the amount of $100,081.75, along with other claims as detailed in their Amended Proof of Claim, which in total exceeds $200,000.

6    17.    On or about February 3, 2022, the California Superior Court for the County of Orange entered a judgment in the amount of $100,082.00 in favor of Plaintiffs, David Pattillo and Claudia Russell.

9    18.    Plaintiffs David Pattillo and Claudia Russell hereby allege and believe that Debtor/Defendant Shaun D. Etchegoyen repeated his fraudulent business practices with many of the creditors scheduled in his bankruptcy case.

## ON THE FIRST CAUSE OF ACTION

## [11 U.S.C. § 523(a)(2)(A)]

19.    Plaintiffs, David Pattillo and Claudia Russell hereby allege and incorporate by reference, Paragraphs 1 through 18, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

20.    Pursuant to U.S.C. § 523 (a)(2)(A), the Court shall except from the Debtor's discharge any debt:

> (2)    <u>for money, property</u>, services or an extension, renewal or refinancing of credit <u>to the extent obtained by</u> —
>
> (A) <u>false pretenses, a false representation or actual fraud</u>, other than a statement respecting the debtor's or an insiders financial condition. (Emphasis added.)

21.    Plaintiffs Pattillo/Russell are informed and believe and thereon allege that Debtor/Defendant Shaun D. Etchegoyen obtained Plaintiffs' $100,082 as detailed herein either by false pretenses, false representations and/or actual fraud as expressly noted as a basis to be excepted from the Debtor/Defendant Etchegoyen's discharge under Section 523 (a)(2)(A) of the Bankruptcy Code.

28 ///

## ON THE SECOND CAUSE OF ACTION

## [11 U.S.C. § 523(a)(2)(4)]

22. Plaintiffs, David Pattillo and Claudia Russell hereby allege and incorporate by reference, Paragraphs 1 through 21, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

23. Pursuant to 11 U.S.C. § 523(a)(4), the Court shall except from the Debtor's discharge any debt:

> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or, larceny (Emphasis added.)

24. Plaintiffs Pattillo/Russell are informed and believe and thereon allege that Debtor/Defendant Etchegoyen obtained $100,082 from Plaintiffs by embezzlement and/or larceny and caused total damages exceeding $200,000.

25. Plaintiffs Pattillo/Russell are informed and believe and thereon allege that all fo their claims against Debtor/Defendant, Shaun D. Etchegoyen should be deemed non-dischargeable under Section 523(a)(4) of the Bankruptcy Code.

## ON THE THIRD CAUSE OF ACTION

## [11 U.S.C. § 523(a)(6)]

26. Plaintiffs, David Pattillo and Claudia Russell hereby allege and incorporate by reference, Paragraphs 1 through 25, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

27. Pursuant to 11 U.S.C. § 523(a)(6), the Court shall except from the Debtor's discharge any debt:

> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity (Emphasis added.)

28. Plaintiffs Pattillo/Russell are informed and believe and thereon allege that the Debtor Shaun D. Etchegoyen, willfully, maliciously and without cause or excuse, caused substantial economic injury in an amount not less than $200,000 as detailed herein.

///

29. Plaintiffs Pattillo/Russell are informed and believe and thereon allege that all of their claims against Debtor Shaun D. Etchegoyen should be deemed non-dischargeable under Section 523 (a)(6) of the Bankruptcy Code.

**WHEREFORE**, Plaintiffs, David Pattillo and Claudia Russell, pray for judgment against Debtor/Defendant Shaun D. Etchegoyen under Section 523 of the Bankruptcy Code as follows:

### ON THE FIRST CAUSE OF ACTION

1. That Plaintiffs, David Pattillo and Claudia Russell's unsecured claim, in amount of no less than $200,000 against Debtor/Defendant, Shaun D. Etchegoyen be deemed non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

### ON THE SECOND CAUSE OF ACTION

2. That Plaintiffs, David Pattillo and Claudia Russell's claims exceeding $200,000 against Debtor/Defendant, Shaun D. Etchegoyen be deemed non-dischargeable under Section 523(a)(4) of the Bankruptcy Code.

### ON THE THIRD CAUSE OF ACTION

3. That Plaintiffs, David Pattillo and Claudia Russell's claims exceeding $200,000 against Debtor Shaun D. Etchegoyen should be deemed non-dischargeable under Section 523 (a)(6) of the Bankruptcy Code.

### ON ALL CLAIMS RELIEF

1. For costs of suit herein, and
2. For such other and further relief as the Court deems just and proper.

**Dated: September 16, 2022**        **POLIS & ASSOCIATES, APLC**

**By:    /s/ Thomas J. Polis**
**Thomas J. Polis, Esq.**
**Counsel for Unsecured Creditors,**
**David Pattillo and Claudia Russell**